UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
TEXAS
TYLER DIVISION

EDWARD LEROY PERKINS, Individually   §
and on behalf of all others similarly situated   §
                                         §
        Plaintiff,                       §
                                         §
    v.                                   §   CIVIL ACTION NO._____
                                         §
Anderson County, Texas                   §   JURY DEMANDED
                                         §
        Defendant.                       §
                                         §

PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Edward Leroy Perkins, Individually and on Behalf of all Others Similarly Situated, and files this Plaintiff's Original Class Action Complaint against Anderson County Texas. In support thereof Plaintiff would respectfully show unto the Court and Jury the following:

INTRODUCTION

1.    Plaintiff, Edward Leroy Perkins (hereinafter sometimes referred to as "Plaintiff"), seeks to certify a class action under 42 U.S.C § 1983 against Defendant Anderson County Texas for violations of his civil rights under color of law as guaranteed by the 14th Amendment to the Constitution of the United States of America to not be deprived of property without due process of law.

2.    This case involves the establishment of the Anderson County Bond Office (Bond Office) by Defendant Anderson County on or about February 13, 2012, and its continued

use up to and including the date of the filing of this complaint.  The stated purpose of the Bond

Office is to track individuals charged with a crime who have been placed on conditions of bond.

After being released by posting a surety, cash or personal bond, some Individuals are placed on

conditions of bond.  These individuals are required to report, usually once per month, to a "Bond

Supervision Officer" to insure compliance with any court ordered conditions of release.  In

addition, each individual is required to pay a $50.00 (fifty dollars) per month fee to the Bond

Office under with the condition that failure to pay the fee will result in the individual being

rearrested and incarcerated.  Each and every individual required to pay the fee has only been

accused of the crime for which supervision has been ordered.  The fees amount to punishment

for crimes of which each and every accused has yet to be convicted resulting in a deprivation of

property without due process of law.

## PARTIES

3.    Plaintiff, Edward Leroy Perkins, is an adult male and is a resident of

Texas.

4.    Defendant Anderson County, Texas ("Anderson County") is a Texas

county.   Anderson County may be served with process pursuant to Federal Rule of Civil

Procedure 4(j)(2) by serving its chief executive officer, Honorable Robert Johnston, at 703 N.

Mallard Street, Palestine, Texas 75801, or wherever Honorable Robert Johnston may be found.

Service on such person is also consistent with the manner prescribed by Texas law for serving a

summons or like process on a county as a Defendant, as set forth in Texas Civil Practice and

Remedies Code Section 17.024(a).

## JURISDICTION AND VENUE

5.      The court has original subject matter jurisdiction over this lawsuit according to 28 U.S.C. § 1331 and 1343(4), because this suit presents a federal question and seeks relief pursuant to federal statutes providing for the protection of civil rights. This suit arises under the United States Constitution and federal statutes including but not necessarily limited to 42 U.S.C. § 1983.

6.      The court has personal jurisdiction over Anderson County because it is a Texas county.

7.      Venue is proper in the Tyler Division of the United States District Court for the Eastern District of Texas, pursuant to 28 U.S.C. § 1391(b)(1). All Defendants are residents of Texas and are residents of the Eastern District of Texas, Tyler Division. Anderson County is a Texas county.

## FACTUAL ALLEGATIONS

8.      On March 23, 2019, Plaintiff, Edward Leroy Perkins, was arrested in Anderson County Texas and jailed in the Anderson County Jail on that same date.  On May 11, 2019, Plaintiff was released from Anderson County Jail by posting a surety bond.  Plaintiff was also placed on conditions of bond by an Anderson County Judge that included, *inter alia*, the monthly payment in the amount of $50.00 (fifty dollars) to Defendant Anderson County as a "bond supervision fee."  To this date Plaintiff has paid bond supervision fees in the amount of $150.00 (one hundred fifty dollars).  Plaintiff, to this date has not been convicted of the crime for which he is accused and supervision has been ordered.

9.      On information and belief, since the establishment of the Bond Office, in excess of one thousand individuals similarly situated to Plaintiff have been placed under the supervision of the Bond Office and paid monthly supervision fees to Defendant Anderson

County.  On information and belief, the total monthly supervision fees that have been collected by Defendant Anderson County since the inception of the Bond Office are in excess of $1,000,000.00 (One million dollars).

## THE CLASS OF CLAIMS OF THOSE SIMILARLY SITUATED AND PROPOSED TO BE REPRESENTED BY PLAINTIF

10.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure Plaintiff Edward Leroy Perkins bring this action on behalf of himself and all others similarly situated, as representative of the following class:

> All persons who have been accused of a crime in Anderson County Texas, arrested and incarcerated, posted a surety cash or personal bond, released and placed on bond conditions under the supervision of the Anderson County, Texas Bond Office and paid a supervision fee to the Bond Office without ever being convicted for the crime for which supervision was ordered.

### *FRCP 23(a) - Plaintiffs' Representation of the Proposed Class*

11.    Plaintiff incorporates the preceding allegations of his Original Class Action Complaint by reference.

12.    As previously demonstrated herein, Defendant Anderson County has illegally collected "Bond Supervision" fees from individuals for crimes that they have yet to be convicted and this fact pattern of collection of fees has played out thousands of times since the inception of the Anderson County Bond Supervision Office.

13.    These individuals of the proposed class are harmed by and subject to punishment without due process of law by Defendant Anderson County.

14.    Plaintiff, and others similarly situated, as set forth herein are victims of this pattern of illegal collection of fees and have sustained damages as a direct and proximate cause of the collection of said fees.

15.     As described below, this action satisfies the prerequisites of numerosity, commonality, typicality, and adequacy of representation required by Rule 23(a)(1),(2),(3) and (4) of the Federal Rules of Civil Procedure. Additionally, class certification of the proposed class format is superior to other methods of adjudication and meets the four factors necessary to make that determination as set forth herein.

### *FRCP 23(a)(1) - Numerosity:*

16.     The proposed class members are located primarily in Anderson County, Texas and number in the thousands.

17.     The persons in the proposed class are so numerous that joinder of all members is impracticable. Although the exact number of class members is unknown to Plaintiffs at this  time, it is anticipated that the class is composed of at least 1,000 members or more. This estimate of the number of potential class members is based upon the average number of individuals placed on "Bond Supervision" via a query of Anderson County's online criminal case reporting system.

### *23(a)(2) - Commonality:*

18.     There are issues of law and fact common to the class. The common issues of law and fact which control the outcome in each individual class member's case are:

### *Common Questions of Law and Fact:*

19.     Has the Plaintiff or class member been accused or currently under accusation of a crime and ultimately placed on conditions of bond that required the supervision of the Anderson County Bond Supervision Office?

20.     Has the Plaintiff or class member paid "bond supervision" fees to Anderson County in any amount?

21. Has the Plaintiff or class member been convicted of the crime for which he or she was or currently is under the supervision of the Anderson County Bond Supervision Office?;

22. Is the collection by Anderson County of a "Bond Supervision Fee" from an individual under the supervision of the Anderson County Bond Supervision Office for an accused crime for which they have not been convicted a violation of the 14th Amendment of the Constitution of the United States of America as a deprivation of property without due process of law?

### *FRCP 23(a)(3) - Typicality:*

23. Plaintiffs' claims are not only typical of the proposed class members but their claims are identical to each member of the proposed class.

### *FRCP 23(b)(3) - Predominance:*

24. The common questions of fact and legal issues applicable to each individual member of the proposed class are identical.

25. The prosecution of separate suits individual members of the proposed class would create a risk of inconsistent adjudication of the legal issues with respect to individual members of the class, and would establish incompatible standards of conduct for any party opposing the class. Common questions of law or fact predominate over any questions affecting only individual class members; therefore, the requirement of Rule 23(b)(3) that the common questions of law or fact predominate over questions affecting only individual members of the class is satisfied. Fed. R. Civ. P. 23(b)(3).

*FRCP 23(b)(3) – Superiority:*

26.    The proposed class format in this case is superior to any other available method for the fair and efficient adjudication of this controversy. The class members interests in individually controlling their separate actions is outweighed by the efficiency of having this Court determine the federal questions in this case and avoid inconsistent rulings and litigation costs for each individual member which could exceed the value of the class member's separate claims.

*FRCP 23(a)(4) - Adequacy of Representation:*

27.    Plaintiff will fairly and adequately represent the interest of the class. In support of this proposition, Plaintiff would show that:

a.  Plaintiff is a member of the proposed class;
b.  Plaintiff is interested in representing the proposed class;
c.  Plaintiff, through counsel, is willing to pay the costs of notice and litigation;
d.  Plaintiff has no interest adverse to other members of the proposed class; and
e.  Plaintiff has suffered the same harm as the proposed class.

28.    Plaintiff and his counsel will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has no claims antagonistic to those of the Class.

**Violations of the Rights of Plaintiff and the Class he Represents Guaranteed by the 14th Amendement of the Constitution of the United States of America to not be Deprived of Property Without Due Process of Law**

29.    Plaintiff incorporates by reference each and every paragraph herein as if fully restated.

30.    The actions of the Anderson County Bond Office were taken under color of state law pursuant to the authority delegated by Anderson County with total disregard to the known constitutional rights of Plaintiff and the class he represents to not be deprived of property without due process of law guaranteed by the Fourteenth Amendment.

31.    Plaintiff and the class he represents have suffered the following damages,

for which they seek recovery from Defendant:

    a.    All sums paid to the Anderson County Bond Supervision Office;

    b.    Punitive damages.

    c.    Reasonable and necessary attorneys' fees available pursuant to 42 U.S.C.

§§ 1983 and 1988; and

    d.    Pre and post-judgment interest

## JURY DEMAND

32.    Plaintiff demands that this matter be tried before a jury.

Respectfully submitted,

By:  /s/ *Donald J. Larkin*_____
Donald J. Larkin
Texas Bar No 24057702
Email:  donald@charleswnicholslaw.com
617 E. Lacy St.
Palestine, TX 75801
Tel. (903) 729-5104
Fax. (903) 729-0347
Admitted before the United States District
Court, Eastern District of Texas
Attorney for Plaintiff